```
                    United States District Court
                       District of Connecticut
```

------------------------------x
                              :
BANK OF AMERICA, NATIONAL     :
ASSOCIATION,                  :
                              :
            Plaintiff,        :
                              :
v.                            :     CASE NO. 3:13CV1244(AWT)
                              :
MARY COOPER, et al.           :
                              :
            Defendants.       :
                              :
------------------------------x

### ORDER RE MOTION TO DISMISS COUNTERCLAIMS

The plaintiff, Bank of America, National Association ("Bank of America"), has moved to dismiss the counterclaims filed against it by pro se defendant Mary Cooper ("Cooper"). For the reasons set forth below, the motion is being granted.

I.   BACKGROUND

Cooper's counterclaims arise out of foreclosure proceedings brought against her by Bank of America in Connecticut Superior Court. On August 27, 2013, Cooper removed the foreclosure action to this court, and filed her answer to the amended complaint. This answer included four counterclaims: two claims for wrongful foreclosure, one each against Bank of America and its counsel, Hunt Leibert Jacobson, P.C. ("Hunt Leibert"), and two claims for fraud, against the same parties. Bank of America then filed a Motion for Judgment of Strict Foreclosure and Finding of Entitlement of Possession.

-1-

Cooper never specifically responded to the motion for strict foreclosure, but did file a document she titled "Statement of the Case" on the date her response to the motion was due. In this document she reiterated a number of arguments from her answer and identified several "other offenses, [and] improper acts damaging" her (Statement of the Case (Doc. No. 10), at 4) allegedly committed by Bank of America in the process of its foreclosure on her property. These "other offenses" included violations of: (i) the False Claims Act, 31 U.S.C. § 3729, et seq.; (ii) the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1833a; (iii) the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1968; (iv) the Trust Indenture Act ("TIA"), 15 U.S.C. § 77aaa, et seq.; and (v) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.

On November 7, 2013, the court granted Bank of America's motion for judgment of strict foreclosure. However, Bank of America subsequently informed the court that strict foreclosure is not available in this case, and moved to open the judgment and convert the court's order to a Judgment of Foreclosure by Sale. Bank of America also moved to dismiss all counterclaims against it, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.  LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations presented in the counterclaims and must draw inferences in a light most favorable to the defendants.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the [counterclaims] are true (even if doubtful in fact)."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  However, a defendant's "obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  <u>Id.</u>

When addressing filings by pro se parties, however, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers."  <u>Haines v. Kerner</u>, 404 U.S. 519. 520 (1972); <u>see also</u> <u>Branham v. Meachum</u>, 77 F.3d 626, 628-29 (1996).  Furthermore, "[b]ecause [Cooper] is a pro se litigant, [this court] read[s] [her] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."  <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994); <u>see also</u> <u>United States v. Akinrosotu</u>, 637 F.3d 165, 167 (2d Cir. 2011) (applying the Burgos standard to a pro se defendant).

-3-

**III. DISCUSSION**

Cooper's first set of counterclaims, brought against both Bank of America and Hunt Leibert, is for wrongful foreclosure. These claims appear to be based entirely on Cooper's assertion that Bank of America does not, in fact, own her mortgage, and therefore has no standing to foreclose on it.  Although Bank of America's purported lack of an ownership interest in the mortgage could be considered a "factual allegation", this alone is not enough to survive a motion to dismiss.  Cooper provides no other facts or allegations to support her conclusory assertion that Bank of America does not own the mortgage.  Even taking into account Cooper's pro se status, these claims do not rise above the "formulaic recitation of the elements of a cause of action" standard.  Therefore, the motion to dismiss is being granted with respect to all counterclaims for wrongful foreclosure.

The next set of counterclaims are premised on Bank of America's failure to modify Cooper's loan before foreclosing on it, purportedly in violation of the National Mortgage Settlement ("NMS") and the related consent judgment from the United States District Court for the District of Columbia.  Although Cooper labels these claims as "fraud", they appear to be breach of contract claims seeking to enforce the terms of a settlement agreement.  However, Cooper has no standing, and this court has no jurisdiction, to enforce the NMS.  By its terms, the NMS,

which Cooper included as Attachment 3 to her Statement of the Case, states that Bank of America's "obligations under this Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia", and that "[a]n enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee." (Attach. 3 to Statement of the Case (Doc. No. 10-2), at 17-18.) As Cooper is not a party to the NMS, it is clear that she is not permitted to bring an enforcement action.  Additionally, even if she were a party, this court would have no jurisdiction over such an action.  Thus, to the extent that Cooper's counterclaims are premised on Bank of America's violation of the NMS, the motion to dismiss is being granted.

In addition to the specific counterclaims in Cooper's answer, the allegations regarding Bank of America's actions made in her Statement of the Case can also be construed as counterclaims.  Although Bank of America is correct that introducing new counterclaims in this second filing is "procedurally incorrect", given Cooper's pro se status and the fact that Bank of America would not be prejudiced by including these counterclaims, the court will consider them.

The first of these counterclaims appears to be for violation of the False Claims Act.  Although Cooper mentions the False Claims Act a number of times throughout the Statement, she never specifically explains what actions she believes Bank of

-5-

America took that violated this act.  However, the specifics of Cooper's False Claims Act claims are immaterial, since Cooper, as a pro se litigant, is prohibited from bringing an action under the False Claims Act.  As the Second Circuit has stated,

> while the False Claims Act permits relators [i.e. those bringing the action on behalf of the government] to control the False Claims Act litigation, the claim itself belongs to the United States.  Accordingly, as the United States "remains the real party in interest" in qui tam actions, the case, albeit controlled and litigated by the relator, is not the relator's own case as required by 28 U.S.C. § 1654 [the statute governing pro se litigation], nor one in which [s]he has "an interest personal to [her]."  Because relators lack a personal interest in False Claims Act qui tam actions, we conclude that they are not entitled to proceed pro se.

U.S. ex rel. Mergent Services v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008).  Therefore, Cooper's False Claims Act counterclaims must be dismissed.

Cooper also mentions FIRREA a number of times in her Statement of the Case, but she similarly does not provide any allegations to support a FIRREA claim.  Furthermore, the only actual provision that Cooper cites, 12 U.S.C. § 1833a, states that "[a] civil action to recover a civil penalty under this section shall be commenced by the Attorney General."  12 U.S.C. § 1833a(e).  Therefore, even if Cooper had included factual allegations, she is not the appropriate party to bring an action under FIRREA.  Thus, to the extent Cooper's counterclaims are premised on FIRREA, they must be dismissed.

Cooper next alleges in her Statement of the Case that Bank of America has violated the RICO Act.

> To state a [counter]claim for a RICO violation, the [defendant] has two threshold pleading requirements. First, [s]he must allege that the [plaintiff], through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly invest[s] in, or maintain[s] an interest in, or participate[s] in an enterprise, the activities of which affect interstate or foreign commerce. Second, [s]he must allege that [s]he was injured in [her] business or property by reason of a violation of [18 U.S.C.] Section 1962.

Mendlow v. Seven Locks Facility, 86 F. Supp. 2d 55, 57 (D. Conn. 2000) (citing Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983), cert. denied, 465 U.S. 1025 (1984). Here, Cooper bases her RICO claims entirely on the fact that Bank of America sent its pleadings in the foreclosure action to her through the mail. Since Cooper claims these pleadings contain false statements, she alleges that this constitutes "[r]epeated mail fraud" and extortion, and thus satisfies the requirements for a civil RICO violation. (Statement of the Case, at 3.) Even taking into account Cooper's pro se status, these claims do not come close to stating a valid claim under civil RICO. First, Cooper does not state how Bank of America's mailing of pleadings in a legal proceeding (even if there were two or more instances of such mailings) constitutes a racketeering activity or demonstrates that Bank of America is participating in an enterprise. Second, even if the court assumes that Cooper is correct and Bank of America does not have legal standing to

-7-

bring the foreclosure action against her, she has not alleged facts that could show that Bank of America's actions violate any provision of 18 U.S.C. § 1962, or how such violation caused her harm.  Again, Cooper's allegations are entirely conclusory and cannot support a counterclaim for a civil RICO violation.

Cooper also makes reference to TIA violations as part of her Statement of the Case.  Again, however, she provides no factual allegations or even description of how Bank of America has violated the TIA.  Instead, Cooper merely provides a reference to an online article about a Southern District of New York case applying the TIA to mortgage-backed securities issued by trusts.  Cooper points to no security that is at issue in this case (nor can the court find one), and makes no claim as to how Bank of America, her mortgagee, can be held liable under a statute directed toward trustees of securities.  Thus, to the extent that her counterclaims rely on the TIA, they must be dismissed.

Finally, Cooper alleges that Bank of America committed numerous TILA violations in its dealings with her.  As with the other "counterclaims" presented in her Statement of the Case, Cooper does not provide any information beyond a bald assertion that Bank of America violated TILA.  In fact, TILA is mentioned only once in her Statement of the Case, which totals 146 pages. Thus, even reading her submission to make the strongest possible

argument, Cooper has failed to meet the pleading standard for stating a TILA claim.[1]

## IV. CONCLUSION

Thus, all of Cooper's counterclaims fail because she cannot bring such a claim and/or she has failed to allege facts sufficient to survive a motion to dismiss. Therefore, Bank of America's Motion to Dismiss Counterclaims (Doc. No. 32) is hereby GRANTED.

It is so ordered.

Dated this 11th day of July, 2014, at Hartford, Connecticut.

/s/
Alvin W. Thompson
United States District Judge

---

[1] The plaintiff also points out that Cooper's TILA claim is untimely, as TILA contains either a one- or three-year statute of limitations based on the harm alleged, see 15 U.S.C. § 1640(e), and Cooper's mortgage was granted in 2008. However, the court notes that 15 U.S.C. § 1640(k)(1) states: "Notwithstanding any other provision of law, when a creditor, assignee, or other holder of a residential mortgage loan or anyone acting on behalf of such creditor, assignee, or holder, initiates a judicial or nonjudicial foreclosure of the residential mortgage loan, or any other action to collect the debt in connection with such loan, a consumer may assert a violation by a creditor of paragraph (1) or (2) of section 1639b(c) of this title, or of section 1639c(a) of this title, as a matter of defense by recoupment or set off without regard for the time limit on a private action for damages under subsection (e)." Since Cooper has not alleged enough facts for the court to determine whether she is asserting a violation of §§ 1639b(c)(1), 1639b(c)(2), or 1639c(a), the court does not reach the issue of whether Cooper's claim would be, in fact, time barred had she included more facts.